UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY MOSES**                                                                 **CIVIL ACTION**

**VERSUS**                                                                           **NO. 13-821**

**N. BURL CAIN, WARDEN**                                                **SECTION "G"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as time-barred.[1]

I.      Facts and Procedural History

Petitioner, Larry Moses, is a state prisoner incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana. On August 18, 1994, Moses was charged by grand jury

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

indictment with two counts of first degree murder under Louisiana Revised Statute 14:30.[2] On August 23, 1994, Moses pleaded not guilty.[3] After a two-day trial held in October 1995, Moses was found guilty as charged.[4] On November 20, 1995, the trial court sentenced him on each count to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.[5]

Moses timely appealed, and on October 1, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences.[6] The Louisiana Fourth Circuit Court of Appeal denied his timely filed application for rehearing on October 31, 1997.  Moses sought review to the Louisiana Supreme Court, which denied relief on May 8, 1998.[7]  Moses did not appeal his convictions to the United States Supreme Court.

On January 26, 2000, retained counsel for Moses filed an application for post-conviction relief in the state district court.[8] On October 12, 2001, petitioner filed a writ of mandamus

---

[2]  State Rec., Vol. 2 of 4, Grand Jury Indictment, Orleans Parish.

[3]  State Rec., Vol. 3 of 4, Minute Entry, 8/23/94.

[4]  *Id.*, Minute Entry, 10/31/95.

[5]  *Id.*, Docket Master (11/20/95) .

[6]  State Rec., Vol. 3 of 4; *State v. Moses*, 96-0641 (La. App. 4th Cir. 10/1/97).

[7]  *Id.*, *State v. Moses*, 97-3016 (La. 5/8/98), 718 So.2d 427.

[8]  State Rec., Vol. 2 of 4, Uniform Application for Post-Conviction Relief.  Petitioner attaches a copy of this pleading to his federal application (Rec. Doc. No. 1 -Exhibit 4), which bears a file date stamp of January 26, 2000.

2

requesting an order from the court of appeal directing the district court to rule on his post-conviction relief application. On November 21, 2001, the court of appeal denied mandamus relief.[9] On or about March 22, 2002, counsel for petitioner filed another application for post-conviction relief in the state district court.[10] On July 26, 2002, the state district court denied relief, citing Louisiana Code of Criminal Procedure 930.4(A).[11] Moses sought supervisory writs to the Louisiana Fourth Circuit Court of Appeal. On December 13, 2002, the court of appeal denied relief, finding the application untimely and repetitive.[12] On November 7, 2003, the Louisiana Supreme Court denied petitioner's related writ application without stated reasons.[13]

Moses filed a third application seeking reconsideration of post-conviction relief in the

---

[9] State Rec., Vol. 2 of 4, *State v. Moses*, 2001-1914 (La. App. 4th Cir. 11/21/01). While the ruling also states, "The court has reviewed relator's application for post-conviction relief and finds no merit to his claims," it does not appear that petitioner sought relief on the merits and any ruling to that effect would appear to have been premature.

[10] State Rec., Vol. 2 of 4, Uniform Application for Post-Conviction Relief. No filing date appears on the copy of this application contained in the state court record. In his subsequent writ application to the Fourth Circuit, petitioner's statement of the case references the date March 22, 2002 (See Rec. Doc. No. 1, Exhibit 6). A copy of the second or supplemental post-conviction relief application is also attached to petitioner's federal application as Exhibit 5.

[11] State Rec., Vol. 2 of 4, Minute entry, District Court Judgment denying PCR on 7/26/02).

[12] State Rec., Vol. 2 of 4, *State v. Moses*, 2002-2375 (La. App. 4th Cir. 12/13/02).

[13] State Rec., Vol. 4 of 4, *State v. Moses*, 2003-0153 (La. 11/7/03), 857 So.2d 514.

state district court on or about November 1, 2004.[14] Because the district court did not rule on the application, petitioner sought mandamus relief in the court of appeal. On March 1, 2005, the Louisiana Fourth Circuit Court of Appeal denied relief.[15] On February 3, 2006, the Louisiana Supreme Court denied his related writ application as untimely and repetitive.[16] Petitioner did not file any further challenges to his convictions and sentences in state court.

On March 19, 2013, Moses filed his federal application for *habeas corpus* relief.[17] The State filed a response arguing that the federal application is untimely.[18] Petitioner concedes it was untimely filed, but argues he should be entitled to equitable tolling based on his retained attorney's ineffective assistance on state post-conviction review. For the following reasons, the court finds the petition to be untimely.

---

[14] State Rec., Vol. 2 of 4 (copy of Application for Reconsideration of Post-Conviction Relief, attached to writ of mandamus filed in the court of appeal). No file stamp appears on this copy, but he attaches a mail receipt showing proof of mailing on November 1, 2004. In his writ of mandamus to the court of appeal, petitioner also states he filed the application in the district court on or about November 1, 2004.

[15] *Id.*, *State v. Moses*, 2005-0155 (La. App. 4th Cir. 3/1/05).

[16] *State ex. rel. Larry Moses v. State*, 2005-1194 (La. 2/3/06), 922 So.2d 1169.

[17] Rec. Doc. No. 1, Petition. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on March 19, 2013, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[18] Rec. Doc. No. 15, State's First Amended and Superceding Answer, pp. 9-10.

II.     Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254, with this one-year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. §2244(d)(1)(A) (West 2013), as amended by the AEDPA, P.L. 104–132, 110 Stat. 1220. In this case, Moses' conviction became final, for federal limitations purposes, on August 6, 1998, after the 90-day deadline had passed for filing a writ of certiorari with the United States Supreme Court.[19] Under a plain reading of the statute, Moses then had one year within which to file his federal *habeas* petition, or a deadline of August 6, 1999. Moses did not file his federal *habeas* petition with this Court until March 19, 2013. Thus, his challenge to his 1995 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).

(a)     Statutory tolling

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[19] *See* Sup. Ct. R. 13(1). In this case, the 90 days commenced with the Louisiana Supreme Court's denial of certiorari on May 8, 1998 and ended on August 6, 1998 with the expiration of the deadline for filing a request for writ of certiorari with the U.S. Supreme Court.

5

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. In fact, as Moses admits, he did not file his first state post-conviction relief application until January 26, 2000, more than five months after the one-year limitations period had expired. Because that motion was filed after the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir.2001); *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008).

    (b)    <u>Equitable tolling</u>

The Court next considers equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). However, "a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005))(internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). "Reasonable diligence ... not

maximum feasible diligence" is required to satisfy the first prong. *Holland*, 560 U.S. at 653. As to the second prong, the Court held that typically "a petitioner must bear the risk of attorney error," but this is subject to some limits where the attorney's "professional misconduct" could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling ." *Id.* at 650–51. However, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling ." *Id.* at 651–52 (internal quotation marks and citations omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

Petitioner argues that his attorney, who was hired in June 1998 to represent him in state collateral review proceedings, did not file his state post-conviction application timely within the one-year deadline so as to toll the limitations period.[20] Petitioner's allegations are also documented in his complaint to the state disciplinary board regarding his former counsel,

---

[20] Rec. Doc. No. 1, Petition, p. 15; Memorandum in Support, pp. 6-7. Petitioner relies on *Martinez v. Ryan*, 132 S.Ct. 1306 (2012), in his argument for equitable tolling based on ineffective assistance of counsel. *Martinez* is inappplicable here. It has no bearing on the statute of limitations analysis. *See Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in *Martinez* ... of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here."); *see also Chavez v. Secretary, Florida Dept. of Corr.*, 742 F.3d 940 (11th Cir. 2014) (*citing Arthur, supra*.) ("[W]hile the federal limitations period is subject to equitable tolling in certain circumstances, we have rejected the notion that anything in *Martinez* provides a basis for equitably tolling the filing deadline.").

and attached as an exhibit to his *habeas* petition.[21] Petitioner claims he was concerned about the time limitations, but relied on his attorney, who ignored his letters, assured his family members by phone and in person that he had filed the writ application, and then waited until the AEDPA one-year deadline had passed to file his writ application.[22]

Petitioner attaches three letters he sent to his attorney allegedly evidencing his concern as to the filing of his writ application. Only one of these letters, dated October 27, 1999 – after the federal deadline had run – had to do with the limitations period. In this letter, petitioner expressed concern over the federal limitations period (which, as noted, had already run) and asked his attorney to file his state post-conviction relief application. Shortly thereafter, by letter dated January 5, 2000, counsel forwarded petitioner's writ application to him for signature and filing.[23] The fact that petitioner's attorney responded with a prepared writ application within two months of petitioner's request suggests his attorney did not ignore that request or the concerns raised by petitioner. In any event, the manner in which counsel responded to petitioner's concerns is of no moment, for the simple reason that those concerns were not raised for the first time until <u>after</u> the federal limitations period had already run.

---

[21] Rec. Doc. No. 1, Exhibit 2.

[22] Rec. Doc. No. 1, Memo in support, p. 6.

[23] Petitioner's first letter, dated either August or September 29, 1998, asks his attorney to investigate and take statements from his alibi witnesses. (Rec. Doc. No. 1, Exhibit 10). His final letter, dated August 7, 2000, simply inquires about the status of his pending post-conviction application. (*Id.*, Exhibit 12).

Petitioner also claims that shortly after he retained counsel, his attorney made false and misleading assurances to both his sister and father. He details these allegations in his state bar disciplinary complaint as follows:

> On June 26, 1998, [his] father Mack Moses hired attorney Mr. C. Gary Wainwright to represent [his] post conviction application, he was paid his fee of Twenty-Eight Hundred Dollars in fool [sic].... Approximately one six week period passed and [his] sister contacted attorney Wainwright concerning the status of post-conviction. Attorney Wainwright told [his] sister that he had delivered the post conviction application to the courts. This attorney told [him] he was also sending him a copy of this post conviction brief. He never did, which caused [him] concern. [He] and his sister contacted the Clerk of Court in Orleans Parish and was told there was no record of [his] post conviction relief application filed there.
>
> [His] father made an appointment with Wainwright [sic] told him in person he was concerned with the matter and was told by Wainwright that the petition was filed and that the Clerk must have misplaced it as they sometimes do. Wainwright told [his] father he would take care of it. A month later [his] sister again contacted the Clerk of Court and was again told there was nothing filed there on his behalf.[24]

Petitioner has not provided any objective evidence to show that his family members contacted the attorney, or if they did, that his attorney made the purported assurances. He therefore relies on mere allegations, which do not affirmatively establish that his attorney made these alleged false representations of fact. Regardless, even if Moses could prove his allegation that his attorney deceived him into believing that he had timely filed the state post-conviction application, and satisfy the "extraordinary circumstances" prong – a finding we pretermit – he

---

[24] Rec. Doc. No. 1, Exhibit 2.

still has not established the requisite diligence in pursuing federal *habeas* relief.

A petitioner must demonstrate not only "rare and exceptional circumstances" for missing the federal *habeas* deadline, but also that he has pursued his claims diligently, in order to justify equitable tolling of the statute of limitations. *Holland*, 560 U.S. at 649; *see also Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1633, 185 L.Ed.2d 130 (2010). Inadequate legal representation does not excuse a petitioner from exercising reasonable diligence. *See Manning*, 688 F.3d at 185. As the Fifth Circuit has noted, "*Holland* illustrates that petitioner must diligently pursue his rights even in the face of extraordinary circumstances." *Tsolainos v. Cain*, 540 Fed. Appx. 394, 398 (5th Cir. 2013); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (equitable tolling not warranted because "equity is not intended for those who sleep on their rights") (*citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

The record in this case shows that petitioner was not reasonably diligent in pursuing federal *habeas* relief. Neither the fact that he retained an attorney for collateral review nor that the attorney may have been ineffective affects petitioner's obligation to exercise "reasonable diligence." *Manning*, 688 F.3d at 185. Even if petitioner was reasonably diligent in his attempts to have his attorney file his state post-conviction application so as to toll the limitations period, he offers no explanation for his failure to file his federal *habeas* application within the one-year deadline. Petitioner claims he knew that his attorney twice misrepresented filing the state post-conviction application timely, because he confirmed with

10

the state court that nothing was pending. He knew that his application for a writ of certiorari had been denied by the Louisiana Supreme Court and that his conviction had become final. He was aware of the AEDPA statute of limitations and one-year deadline. Tellingly, his letter of October 1999, written two months after the federal limitations period had run, detailed his knowledge of these facts. Yet, inexplicably, petitioner waited over 13 years from the date his conviction became final to file his federal *habeas* petition in this Court.

Furthermore, even if the limitations period had been tolled during the entire duration of the state post-conviction proceedings, no state-court matter of any kind was pending after February 3, 2006. Petitioner knew that any tolling attributable to his state-court collateral proceedings had ceased. But he still did not file his federal application until seven more years passed. He offers no explanation for his inactivity.[25] Petitioner's delay in seeking federal *habeas* review of his conviction does not satisfy the due diligence standard according to federal precedent. *See Manning*, 688 F.3d at 186-187 (petitioner's inactivity for a 19-month period after conviction became final did not satisfy due diligence requirement); *Wickware v. Thaler*, 404 F. App'x 856, 861–62 (5th Cir.2010) (finding petitioner not diligent where there was over fourteen months of delay in filing his state application in the first instance and in filing his federal application after exhaustion); *Tsolainos v. Cain*, 540 F. App'x 394 (5th Cir. 2013) (eight-

---

[25] Wainwright filed petitioner's initial applications for post-conviction relief in state district court, and supervisory writ applications to the Louisiana Fourth Circuit and Louisiana Supreme Court. Petitioner filed his pleadings in a *pro se* capacity after the November 2003 Louisiana Supreme Court decision.

11

month delay between firing incompetent counsel, re-hiring former counsel, and filing his federal *habeas* does not represent diligence). This is not a case for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal *habeas* corpus relief. It is clear that petitioner has failed to establish any basis for equitable tolling.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE as time-barred**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[26]

New Orleans, Louisiana, this 21st day of May, 2014.

                              MICHAEL B. NORTH
                              UNITED STATES MAGISTRATE JUDGE

---

[26] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.