## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY MOSES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-821** |
| **N. BURL CAIN, WARDEN** | **SECTION "G"(5)** |

### ORDER

Before the Court are Petitioner Larry Moses's ("Petitioner") objections[1] to the May 21, 2014 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed a petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that the matter be dismissed with prejudice as time-barred.[4] Petitioner objects, arguing he is entitled to equitable tolling.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation and dismiss this action with prejudice.

### I. Background

#### A. Factual Background

On August 18, 1994, Petitioner was indicted for two counts of first degree murder.[6] On October 31, 1995, a jury in the Orleans Parish Criminal District Court found Petitioner guilty as

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 20.

[3] Rec. Doc. 1.

[4] Rec. Doc. 20 at 12.

[5] Rec. Doc. 21.

[6] State Rec. Vol. II of IV, Indictment 8/18/94.

charged.[7] On November 20, 1995, the court sentenced Petitioner to life imprisonment as to each count without benefit of parole, probation or suspension of sentence.[8]

On October 1, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's convictions and sentences. [9] The Louisiana Supreme Court denied Petitioner's writ application on May 8, 1998.[10] Petitioner's conviction became final ninety days later on August 6, 1998, when he did not file a writ application with the United States Supreme Court.[11]

On January 26, 2000, Petitioner's counsel filed an application for post-conviction relief with the state district court.[12] On October 12, 2001, Petitioner filed a writ of mandamus requesting an order from the court of appeal directing the district court to rule on his post-conviction relief application, which the court of appeal denied on November 21, 2001.[13] On or about March 22, 2002, counsel for Petitioner filed another application for post-conviction relief in the state district court,[14] which the state district court denied on July 26, 2002.[15] On December 13, 2002, the court of appeal denied Petitioner's related writ application, finding the application untimely and repetitive.[16] On

---

[7] State Rec. Vol. III of IV, Minute Entry 10/31/95.

[8] State Rec. Vol. III of IV, Master Docket 11/20/95.

[9] *State v. Moses*, 97-641 (La. App. 4th Cir. 10/1/97). State Rec. Vol. III of IV.

[10] *State v. Moses*, 97-3016 (La. 5/8/98); 718 So. 2d 427. State Rec. Vol. III of IV.

[11] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. §2244(d)(1)(a)).

[12] State Rec. Vol. II of IV, Application 1/26/00.

[13] *State v. Moses*,  01-1914 (La. App. 4th Cir. 11/21/01). State Rec. Vol. II of IV.

[14] State Rec. Vol. II of IV, Application 3/22/02.

[15] State Rec. Vol. II of IV, Minute Entry 7/26/02.

[16] *State v. Moses*,  02-2375 (La. App. 4th Cir. 12/13/02). State Rec. Vol. II of IV.

2

November 7, 2003, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[17]

On November 4, 2004, Petitioner filed a third application for post-conviction relief with the state district court.[18] Petitioner filed another writ of mandamus requesting an order from the court of appeal directing the district court to rule on his post-conviction relief application, which the court of appeal denied on March 1, 2005.[19] On February 3, 2006, the Louisiana Supreme Court denied Petitioner's related writ application as untimely and repetitive.[20]

On March 19, 2013, Petitioner filed the instant petition for federal *habeas* relief with this Court.[21] On July 29, 2013, the State filed a response, arguing that Petitioner's application is untimely.[22] Petitioner conceded that his application was untimely filed, but argued that he was entitled to equitable tolling because of his retained counsel's ineffective assistance on state post-conviction review.[23]

**B. Report and Recommendation**

On May 21, 2014, the Magistrate Judge recommended that Petitioner's claim be dismissed

---

[17] *State v. Moses*, 03-153 (La. 11/7/03), 857 So. 2d 514. State Rec. Vol. IV of IV.

[18] State Rec. Vol. II of XVIII, Judgment 10/7/11.

[19] *State v. Moses*, 05-155 (La. App. 4th Cir. 3/1/05). State Rec. Vol. II of IV.

[20] *State ex. rel. Moses v. State*, 05-1194 (La. 2/3/06), 922 So. 2d 1169.

[21] Rec. Doc. 1.

[22] Rec. Doc. 17.

[23] Rec. Doc. 18.

3

with prejudice as time-barred.[24] The Magistrate Judge found that Petitioner failed to file his petition within the time limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for the filing of habeas corpus applications after the underlying judgment becomes "final."[25] The Magistrate Judge found that Petitioner's judgement became final on August 6, 1998, when the time elapsed for filing a writ of certiorari with the United States Supreme Court.[26]

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides statutory tolling for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[27] The Magistrate Judge noted that Petitioner did not file a post-conviction application with the state district court until January 26, 2000, more than five months after the one-year limitations period had expired.[28] Accordingly, the Magistrate Judge found statutory tolling inapplicable.[29]

The Magistrate Judge also considered Petitioner's entitlement to equitable tolling.[30] Petitioner argued his attorney, who was hired in June 1998 to represent him in state collateral review

---

[24] Rec. Doc. 20 at 12.

[25] *Id.* at 5.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.* (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

[30] *Id.*

proceedings, did not file his state post-conviction application timely.[31] Petitioner presented three letters he sent to his attorney allegedly evidencing his concern as to the filing of his writ application.[32] The Magistrate Judge found that only one of those letters, dated October 27, 1999, addressed the limitations period.[33] He noted that this letter was sent to the attorney after the federal limitations period had run.[34] He noted that counsel forwarded Petitioner the writ application on January 5, 2000, within two months of Petitioner's request, which the Magistrate Judge opined suggested that his attorney did not ignore the concerns raised by Petitioner.[35] However, the Magistrate Judge found the manner in which counsel responded to Petitioner's concerns of no moment because those concerns were not raised for the first time until after the federal limitations period had already run.[36]

Petitioner also argued that his attorney made false and misleading assurances to both his sister and father.[37] The Magistrate Judge found that Petitioner failed to provide any objective evidence to show that his family members contacted the attorney or that his attorney made the purported assurances.[38] Further, the Magistrate Judge found that even if Petitioner had satisfied the "extraordinary circumstances" prong, he had not established the requisite diligence in pursuing

---

[31] *Id.* at 7.

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 9.

[38] *Id.*

federal habeas relief.[39] The Magistrate Judge found that "even if petitioner was reasonably diligent in his attempts to have his attorney file his state post-conviction application so as to toll the limitations period, he offers no explanation for his failure to file his federal habeas application within the one-year deadline."[40] The Magistrate Judge noted that Petitioner's October 1999 letter detailed his knowledge of the following: his application for a writ of certiorari had been denied by the Louisiana Supreme Court, his conviction had become final, the AEDPA statute of limitations and one-year deadline.[41] However, Petitioner waited over 13 years from the date his conviction became final to file his federal habeas petition.[42] Finally, the Magistrate Judge found that even if the limitations period had been tolled during the entire duration of the state post-conviction proceedings, no state court matter was pending after February 3, 2006, seven years before Petitioner filed his federal application.[43] Therefore, the Magistrate Judge found that Petitioner's delay in seeking federal habeas review of his conviction did not satisfy the due diligence standard according to federal precedent.[44] Accordingly, the Magistrate Judge recommended that Petitioner's writ of *habeas corpus* be dismissed with prejudice as time-barred.[45]

---

[39] *Id.* at 9–10.

[40] *Id.* at 10.

[41] *Id.* at 11.

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing *Manning v. Epps*, 688 F.3d 177, 186–87 (5th Cir. 2012);  *Wickware v. Thaler*, 404 F. App'x 856, 861–62 (5th Cir. 2010); *Tsolainos v. Cain*, 540 F. App'x 394 (5th Cir. 2013)).

[45] *Id.* at 12.

## II. Objections

### A. Petitioner's Objections

On June 5, 2014, Petitioner timely filed his objections to the Magistrate Judge's Report and Recommendation.[46] Petitioner argues that he did not receive adequate assistance of counsel during his state post-conviction relief proceedings. Petitioner argues that he could not file his petition until 2013, when he became aware of the United States Supreme Court's decisions in *Martinez v. Ryan* and *Maples v. Thomas*.[47] He contends that his case is similar to *Martinez v. Ryan* because "an attorney's ignorance or inadvertence to a post conviction proceeding does not qualify as cause to excuse a procedural default."[48] He argues that the Supreme Court in *Maples v. Thomas* found that "[a] markedly different situation is presented, however, when an attorney abandons his client without notice, and thereby occasions the default."[49] Petitioner asserts that he hired an attorney to prepare his post-conviction relief application on June 26, 1998, but the attorney did not complete the application until January 5, 2000.[50] He contends that he "consistently wrote letters" to the attorney regarding "the time limitations."[51] He also notes that his family contacted the attorney, and he filed a complaint against the attorney with the disciplinary board.[52]

---

[46] Rec. Doc. 21.

[47] *Id.* at 2.

[48] *Id.* at 2–3 (citing 132 S. Ct. 1309 (2012)).

[49] *Id.* at 3 (citing 132 S. Ct. 912 (2012)).

[50] *Id.*

[51] *Id.*

[52] *Id.*

**B. State's Response**

The State of Louisiana did not file a brief in opposition to Petitioner's objection despite receiving electronic notice of the filing on June 5, 2014.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[53] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[54] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[55]

### IV. Law and Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of *habeas corpus* applications.[56] 28 U.S.C. § 2244(d)(1) creates four different methods for calculating when the statute of limitations  begins to run.[57] Two

---

[53] FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[54] *Id.*

[55] *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[56] 28 U.S.C. § 2244(d).

[57] 28 U.S.C. §2244(d) provides:
    (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

of those methods could be applicable here. Subsection A provides a one-year period of limitations after the underlying judgment becomes "final."[58] Subsection C provides a one year period of limitation after "the date on which the constitutional right asserted was initially recognized by the Supreme Court."[59]

In his objection to the Report and Recommendation, Petitioner argues that he could not file his petition until 2013, when he became aware of the United States Supreme Court's decisions in *Martinez v. Ryan*[60] and *Maples v. Thomas*.[61] Petitioner appears to argue that Subsection C should be used in calculating the statute of limitations. Neither *Martinez v. Ryan* nor *Maples v. Thomas* established a new constitutional right.[62] Accordingly, the Court finds that Subsection C does not apply in determining the statute of limitations applicable here.

With respect to the limitations period found at Subsection A, the United States Fifth Circuit Court of Appeal has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[58] 28 U.S.C. § 2244(d)(1)(A).

[59] 28 U.S.C. § 2244(d)(1)(C).

[60] ⸺ U.S. ⸺, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial).

[61] ⸺ U.S. ⸺, 132 S.Ct. 912 (2012) (holding that post-conviction counsels' abandonment could provide cause to excuse a petitioner's procedural default).

[62] *See Chavez v. Sec., Florida Dept. of Corrections*, 742 F.3d 940, 946 (11th Cir. 2014) (*Martinez v. Ryan* did not announce a new rule of constitutional law, and thus did not apply retroactively to trigger new deadline for seeking federal habeas relief under Subsection C.); *see also Day v. Ryan*, Case no. 13-952 (D. Ariz. Mar. 17, 2014), 2014 WL 1017919 *5. ("*Maples* did not establish a new constitutional right, but simply acknowledged that for purposes of finding cause and prejudice to excuse a procedural default, a petitioner is not charged with the conduct of an attorney who abandons the representation without notice.").

9

court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, "[i]f the defendant stops the appeal process before that point," . . . "the conviction becomes final when the time for seeking further direct review in the state court expires."

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court. . .or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."[63]

On August 6, 1998, Petitioner's conviction became final when he did not file a writ application with the United States Supreme Court within the ninety-day appeal period.[64] Therefore, Petitioner had until August 6, 1999, to file his federal *habeas* petition under Subsection A, unless that deadline was extended through tolling.

### A. *Statutory Tolling*

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[65] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[66]

---

[63] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citations omitted).

[64] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(a)).

[65] 28 U.S.C. § 2244(d)(2).

[66] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

The Magistrate Judge determined that Petitioner was not entitled to statutory tolling because Petitioner did not file a post-conviction application with the state district court until January 26, 2000, more than five months after the one-year limitations period had expired. Petitioner does not object to this finding. A state habeas application will not toll the limitation period where it was not filed until after the period of limitation expired.[67] Accordingly, the Court finds no plain error and adopts the Magistrate Judge's finding that Petitioner's state habeas application did not toll the limitation period because it was not filed until after the period of limitation had expired.

### B. Equitable Tolling

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[68] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[69] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[70]

Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling. Petitioner argues that he did not receive adequate assistance of counsel during his state post-conviction relief proceedings. Petitioner asserts that he hired an attorney to prepare his post-

---

[67] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

[68] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[69] *Id.* at 2562 (internal quotation marks omitted).

[70] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2254, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (internal quotation marks omitted).

conviction relief application on June 26, 1998, but the attorney did not complete the application until January 5, 2000. He contends that he "consistently wrote letters" to the attorney regarding "the time limitations."

As the Magistrate Judge noted in the Report and Recommendation, Petitioner presented three letters that he sent to his attorney allegedly evidencing his concern as to the filing of his writ application.[71] Only one of those letters, dated October 27, 1999, addressed the limitations period.[72] This letter was sent to the attorney after the federal limitations period had run.[73] Further, counsel forwarded Petitioner the writ application on January 5, 2000, within two months of Petitioner's request.[74] Petitioner's October 1999 letter detailed his knowledge of the AEDPA statute of limitations.[75]

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[76] Generally, equitable tolling applies where a petitioner was actively misled by the state or his counsel about his petition or when some extraordinary obstacle prevents him from asserting his rights.[77] "[A]ttorney

---

[71] Rec. Doc. 1-1 at 86–89.

[72] *Id*. at 88.

[73] *Id.*

[74] *Id.*

[75] *Id.* at 11.

[76] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000)).

[77] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citing *Rashidi v. Am President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

abandonment can qualify as an extraordinary circumstance for equitable tolling purposes."[78] In *Hardy v. Quarterman*, the Fifth Circuit found that equitable tolling was warranted when the petitioner's counsel ignored his client's request to timely file a federal petition and failed to communicate with his client over a period of years, despite the client's numerous letters.[79] In *United States v. Wynn*, where the Fifth Circuit determined that equitable tolling was warranted when a petitioner's attorney deceived the petitioner by telling him that he timely filed his federal *habeas* petition.[80]

Here, Petitioner does not allege that he was actively misled or that some extraordinary obstacle prevented him from asserting his rights. He does not allege that his attorney abandoned his claim. Petitioner was aware of the statute of limitations, as evidenced by his October 1999 letter to his attorney. He argues that his attorney failed to timely file the application, but he offers no explanation for his failure to file the federal application himself.

Further, even assuming that Petitioner has established extraordinary circumstances prevented timely filing, courts will "invoke equitable tolling only when petitioners demonstrate that they have acted with due diligence."[81] Petitioner did not file his federal application until March 19, 2013, more than thirteen years after his conviction became final and almost seven years after his last state post-conviction relief application was dismissed by the Louisiana Supreme Court. Such an extended delay in pursing his rights falls far short of the diligence required to support a bid for equitable

---

[78]*Manning v. Epps*, 688 F.3d 177, 181 (5th Cir. 2012) (citing *Maples*, 132 S.Ct. at 924).

[79] 577 F.3d 596, 599–600 (5th Cir. 2009).

[80] 292 F.3d 226, 230 (5th Cir. 2002).

[81] *Manning*, 688 F.3d at 184.

tolling.[82] Petitioner argues that he could not file his petition until 2013, when he became aware of the United States Supreme Court's decisions in *Martinez v. Ryan* and *Maples v. Thomas*. However, as discussed above, neither *Martinez v. Ryan* nor *Maples v. Thomas* established a new constitutional right, making the statute of limitations under 28 U.S.C. § 2244(d)(1)(C) inapplicable here. Accordingly, on *de novo* review, this Court finds that Petitioner's reasons for his untimely filing do not constitute "extraordinary circumstances" entitling him to equitable tolling. Because Petitioner is not entitled to equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 6, 1999, in order to be timely. His federal application was filed on March 19, 2013, and it is therefore untimely.

---

[82] *See, e.g., Manning*, 688 F.3d at 186–87 (no equitable tolling when prisoner made no filings until nineteen months after his conviction became final); *Lann v. Dretke*, 111 F. App'x 236, 237 (5th Cir. 2004) (no equitable tolling when prisoner waited five months after denial of relief in state court before filing a federal petition); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling when prisoner waited four months after denial of relief in state court before filing a federal petition); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial of state relief before filing a federal petition).

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Larry Moses's petition for issuance of a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this __21st__ day of January, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**